PATRICK L. FORTE, #80050
CORRINE BIELEJESKI, #244599
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Case No. 08-47740 RN |
| **LASHAUN TREMELL HOWARD,** | Chapter 13 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO VALUE LIEN** |

1. On December 26, 2008, LaShaun Howard ("Debtor") filed her bankruptcy petition.

2. Also on December 26, 2008, Debtor filed her chapter 13 plan, which states Debtor's intention to strip the second lien of Countrywide Home Loans Servicing, LP ("Countrywide") from her residence. Countrywide is the successor in interest to the original lien filed by Chapel Mortgage.

3. As is more fully described in the Declaration of Debtor in Support of the Motion, as of the petition date, Debtor's residence was worth $509,000.

4. According to Wachovia Mortgage's ("Wachovia") proof of claim, Debtor owes approximately $551,112.24 to the first position creditor.

Case: 08-47740    Doc# 24-1    Filed: 07/19/10    Entered: 07/19/10 12:35:17    Page 1 of 2

5. Pursuant to 11 U.S.C. § 1322(b)(2), Debtor's plan may "modify the rights of holders of unsecured claims."

6. The court, pursuant to 11 U.S.C. § 506 and FRBP 3012, has the authority to determine whether a debt is secured or unsecured and the value of any lien a creditor may hold. See *In re Zimmer* F.3d 1220 (9th Cir. 2002); *In re Lam*, 211 B.R. 36 (1997).

7. Therefore, the court has the authority to determine that for purposes of Debtor's chapter 13 plan only, a second position creditor's lien is valued at zero, the creditor does not have a secured claim, and the lien may not be enforced.

8. Given the value of the property and the value of the first position claim, there is no equity to which the second deed of trust can attach.

For the foregoing reasons, Debtor prays that:

1. For purposes of Debtor's chapter 13 plan only, the court value Countrywide's lien at zero, hold that Countrywide does not have a secured claim, and hold that Countrywide's lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2), and 1327; and

2. Upon entry of a discharge in Debtor's chapter 13 case, Countrywide's lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the lien.

Dated: July 16, 2010            /s/  Corrine Bielejeski_____
                                Corrine Bielejeski
                                Attorney for Debtor

Page 2 of 2

Case: 08-47740   Doc# 24-1   Filed: 07/19/10   Entered: 07/19/10 12:35:17   Page 2 of 2